UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON
C.A. NO. _____
ELECTRONICALLY FILED


ROSCOE ASHER, LACK BAILEY, JR.,                                   PLAINTIFFS
ROYAL BARGO, JR., CHAD BLANKENSHIP,
JOHN BARKER, JASON BONHAM, SAMUEL BROCK,
ADAM BRYANT, TIMOTHY CALDWELL, JEFFREY COLE,
JASON COMBS, KENNY COOTS, CHRISTOPHER COUCH,
HAROLD CRAYCRAFT, MATTHEW CREECH, SHAWN DANIELS,
WILLIAM H. DANIELS, WILLIAM I. DANIELS, ROGER DAY, JERRY L. DEAN,
LYNNWOOD FEE, RONALD FISHER, J.B. FRASURE, JAMES FUSON,
COMAN GIBSON, TERRY GOODIN, JR., EDDIE GROSS,
GARRETT GRUBBS, CHARLES HALL, JOHN HANSEN,
JAMES HARRISON, BRAD HOPKINS, DENNIS R. HOWARD,
DWAIN HOWARD, ARTHUR D. JACKSON, II, JEREMIAH JOHNSON,
PHILLIP JOHNSON, SCOTTY JOHNSON, DAVID JONES,
EDDIE JONES, RONNIE JONES, TONY B. LAWSON,
DANNY C. LEWIS, CHRISTOPHER MEADE, DERRICK MILLER,
WALTER MILLER, WILLIAM MILLER, DELBERT MITCHELL,
DANIEL MORALES, RAMON MORALES,
HOWARD MORGAN, JEREMIAH PARKER, PAUL RIGNEY,
BILLY R. ROARK, MICHAEL SAYLOR, ARBIN SHEPHERD, III, TRACY SHORT,
WESLEY B. SMITH, HERSHELL STARRETT, GARETT TRUITT,
JASON WHITAKER, DARRELL WILSON


V.


SEQUOIA ENERGY                                                    DEFENDANT
        Serve:  CT Corporation
                306 West Main Street
                Suite 512
                Frankfort, Kentucky  40601

SOUTHERN COAL KENTUCKY CORPORATION                          DEFENDANT
     Serve:  CT Corporation
          306 West Main Street
          Suite 512
          Frankfort, Kentucky  40601

LIGGETT MINING, LLC                                         DEFENDANT
        Serve:  CT Corporation
        306 West Main Street
        Suite 512
        Frankfort, Kentucky  40601

**** **** **** ****

## COMPLAINT

**** **** **** ****

### JURISDICTION AND VENUE

1.      This Court's jurisdiction is based upon 28 U.S.C section 1331 and the Worker

Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. sections 2101 to 2109.

2.      The claims alleged in this action arise under the WARN Act (29 U.S.C. sections 2101 to

2109).

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and sections

5(a)(5) of WARN (29  U.S.C. § 2104(a) (5)) since the acts constituting the violation of WARN

arose in this district.

### THE PARTIES

4.      Roscoe Asher was a full time employee of the Defendant who, in addition to

other substantial employee benefits, earned regular weekly compensation and was damaged by

the Defendants' act in violation of the WARN Act. Roscoe Asher was employed by the

Defendants at one of its Kentucky locations and was terminated by the Defendants on or around

May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

5.      Lack Bailey, Jr. was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Lack Bailey, Jr. was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

6.      Royal Bargo, Jr. was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Royal Bargo, Jr. was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

7.      John Barker was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act.  John Barker was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

8.      Chad Blankenship was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Chad Blankenship was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

9.      Jason Bonham was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Jason Bonham was employed by the

Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

10.     Samuel J. Brock was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Samuel J. Brock was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

11.     Adam D. Bryant was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Adam D. Bryant was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

12.     Timothy Caldwell was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Timothy Caldwell was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

13.     Jeffrey F. Cole was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Jeffrey F. Cole was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

14.     Kenny E. Coots was a full time employee of the Defendant who, in addition to

other substantial employee benefits, earned regular weekly compensation and was damaged by
the Defendants' act in violation of the WARN Act. Kenny E. Coots was employed by the
Defendants at one of its Kentucky locations and was terminated by the Defendants on or around
May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

15.     Jason Combs was a full time employee of the Defendant who, in addition to
other substantial employee benefits, earned regular weekly compensation and was damaged by
the Defendants' act in violation of the WARN Act. Jason Combs was employed by the
Defendants at one of its Kentucky locations and was terminated by the Defendants on or around
May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

16.     Christopher Couch was a full time employee of the Defendant who, in addition to
other substantial employee benefits, earned regular weekly compensation and was damaged by
the Defendants' act in violation of the WARN Act. Christopher Couch was employed by the
Defendants at one of its Kentucky locations and was terminated by the Defendants on or around
May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

17.     Harold G. Craycraft, Jr. was a full time employee of the Defendant who, in addition to
other substantial employee benefits, earned regular weekly compensation and was damaged by
the Defendants' act in violation of the WARN Act. Harold G. Craycraft, Jr. was employed by the
Defendants at one of its Kentucky locations and was terminated by the Defendants on or around
May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

18.     Matthew Creech was a full time employee of the Defendant who, in addition to
other substantial employee benefits, earned regular weekly compensation and was damaged by
the Defendants' act in violation of the WARN Act. Matthew Creech was employed by the

Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

19.     Shawn F. Daniels was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Shawn F. Daniels was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

20.      William H. Daniels was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. William H. Daniels was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

21.     William I. Daniels was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. William I. Daniels was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

22.      Roger Day was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Roger Day was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

23.     Jerry L. Dean was a full time employee of the Defendant who, in addition to

other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Jerry L. Dean was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

24.     Lynnwood Fee was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Lynnwood Fee was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

25.     Ronald G. Fisher was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Ronald G. Fisher was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

26.     J.B. Frasure was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. J.B. Frasure was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

27.     James Fuson was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. James Fuson was employed by the

Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

28.     Coman R. Gibson was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Coman R. Gibson was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

29.     Terry Goodin, Jr. was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Terry Goodin, Jr. was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

30.     Eddie D. Gross was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Eddie D. Gross was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

31.     Garrett Grubbs was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Garrett Grubbs was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

32.     Charles B. Hall was a full time employee of the Defendant who, in addition to

other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Charles B. Hall was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

33.     John C. Hansen was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. John C. Hansen was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

34.      James Harrison was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. James Harrison was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

35.     Brad L. Hopkins was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Brad L. Hopkins was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

36.     Dennis R. Howard was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Dennis R. Howard was employed by the

Defendants at one of its Kentucky locations and was terminated by the Defendants on or around

May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

37.    Dwain S. Howard was a full time employee of the Defendant who, in addition to

other substantial employee benefits, earned regular weekly compensation and was damaged by

the Defendants' act in violation of the WARN Act. Dwain S. Howard was employed by the

Defendants at one of its Kentucky locations and was terminated by the Defendants on or around

May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

38.    Arthur D. Jackson, II was a full time employee of the Defendant who, in addition to

other substantial employee benefits, earned regular weekly compensation and was damaged by

the Defendants' act in violation of the WARN Act. Arthur D. Jackson, II was employed by the

Defendants at one of its Kentucky locations and was terminated by the Defendants on or around

May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

39.    Jeremiah Johnson was a full time employee of the Defendant who, in addition to

other substantial employee benefits, earned regular weekly compensation and was damaged by

the Defendants' act in violation of the WARN Act. Jeremiah Johnson was employed by the

Defendants at one of its Kentucky locations and was terminated by the Defendants on or around

May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

40.    Phillip Johnson was a full time employee of the Defendant who, in addition to

other substantial employee benefits, earned regular weekly compensation and was damaged by

the Defendants' act in violation of the WARN Act. Phillip Johnson was employed by the

Defendants at one of its Kentucky locations and was terminated by the Defendants on or around

May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

41.    Scotty Johnson was a full time employee of the Defendant who, in addition to

other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Scotty Johnson was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

42.     David Jones was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. David Jones was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

43.     Eddie D. Jones was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Eddie D. Jones was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

44.     Ronnie Jones was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Ronnie Jones was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

45.     Tony Lawson was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Tony Lawson was employed by the

Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

46.    Danny C .Lewis was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Danny C. Lewis was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

47.    Chris Meade was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Chris Meade was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

48.    Derrick Miller was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Derrick Miller was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

49.    Walter Miller was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Walter Miller was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

50.    William Miller was a full time employee of the Defendant who, in addition to

other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. William Miller was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

51.    Delbert Mitchell was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Delbert Mitchell was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

52.    Daniel Morales was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Daniel Morales was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

53.    Ramon F. Morales was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Ramon F. Morales was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

54.    Howard J. Morgan was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Howard J. Morgan was employed by the

Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

55.    Jeremiah Parker was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Jeremiah Parker was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

56.    Paul Rigney was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Paul Rigney was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

57.    Billy R. Roark was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Billy R. Roark was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

58.    Michael Saylor was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Michael Saylor was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

59.    Arbin Shepherd, III was a full time employee of the Defendant who, in addition to

other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Arbin Shepherd, III was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

60.     Tracy Short was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Tracy Short was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

61.     Wesley R. Smith was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Wesley R. Smith was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

62.      Hershell Starrett was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Hershell Starett was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

63.     Garrett Truitt was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Garrett Truitt was employed by the

Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

64.     Jason Whitaker was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Jason Whitaker was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

65.     Darrell Wilson was a full time employee of the Defendant who, in addition to other substantial employee benefits, earned regular weekly compensation and was damaged by the Defendants' act in violation of the WARN Act. Darrell Wilson was employed by the Defendants at one of its Kentucky locations and was terminated by the Defendants on or around May 15, 2013, and did not receive any written notice as provided for by the WARN Act.

66.     These 62 Plaintiffs have been damaged by the Defendants' violation of the WARN Act.

67.     The Defendant, Sequoia Energy, is a Kentucky corporation organized under the laws of the State of Kentucky, with its headquarters at 302 South Jefferson Street, Roanoke, Virginia

68.     At the time of the closure of the facilities located in Harlan County, Kentucky, the Defendant, Sequoia Energy employed more than 100 employees, excluding part-time employees. Sequoia Energy may be served through its registered agent:  CT Corporation, 306 West Main Street, Suite 512, Frankfort, Kentucky  40601.

69.     The Defendant, Southern Coal Kentucky Corporation, is a Kentucky corporation organized under the laws of the State of Kentucky with its headquarters at 302 South Jefferson Street, Roanoke, Virginia  24011.  At the time of the closure of the facilities located in Harlan County, Kentucky, mentioned in the preceding paragraphs, the Defendant, Southern Coal, a

16

Kentucky Corporation employed more than 100 employees, excluding part-time employees. Southern Coal may be served through its registered agent:  CT Corporation, 306 West Main Street, Suite 512, Frankfort, Kentucky  40601.

70.     The Defendant, Liggett Mining, LLC, is a Kentucky Corporation organized under the laws under of the state of Kentucky with its headquarters at 302 South Jefferson Street, Roanoke, Virginia  24011.  At the time of the closure of the facilities located in Harlan County, Kentucky, the Defendant, a Kentucky Corporation employed more than 100 employees, excluding part-time employees.  Liggett Mining may be served through its registered agent:  CT Corporation, 306 West Main Street, Suite 512, Frankfort, Kentucky  40601

<u>RELEVANT FACTS AND CLAIM FOR RELIEF UNDER WARN</u>

71.     During the relevant time period, the Defendants owned and operated mines located in Harlan County in Eastern Kentucky.

72.     Without notice, the Defendants closed their relevant mines and left the Plaintiffs without jobs.

73.     The Worker Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. section 2101, et seq., was enacted on August 4, 1988 and became effective on February 4, 1989.  The purpose of the WARN Act is to protect workers, their families and communities by providing advanced notice so that workers who will be terminated may seek other jobs or retraining, and by providing them with statutory pay for a certain period of time.  <u>Halkias v. General Dynamics Corp.</u>, 955 F. Supp. 695 (N.D. Tex. 1997), <u>affirmed</u> 137 F.3d 333, <u>certiorari denied</u> 119 S.Ct. 171 (U.S. Sup. Ct.); <u>In re Hanlin Group, Inc</u>., 176 B.R. 329 (Bkrtcy. D.N.J. 1995).

74.      WARN covers private employers who have 100 or more employees.

75.     Hourly and salaried employees, as well as managerial and supervisory employees, are

entitled to notice under WARN.

76.     The Defendants are employers who are subject to the WARN requirements.

77.     The Plaintiffs are covered employees and were entitled to WARN notification.

78.     WARN requires that employees be given 60 days notice before the following occurs:

   a.  A closing of an employment site (or a closing of one or more operating units within an employment site) which affects 50 or more employees during any 30 day period;

   b.  A mass lay-off which does not result from a plant closing but will result in an employment loss at the employment site during a thirty day period for over 50 employees if they make up at least 33% of the employer's workforce.

   c.  Job losses occurring within a 90 day period, when grouped together, which meet the WARN threshold levels also require notification.

79.     The Plaintiffs did not receive 60 days notification that they would lose their jobs.

80.     The Plaintiffs did not receive 60 days of pay and benefits in lieu of working 60 days, as other coal companies have done who have faced situations similar to the Defendants in this action.

81.     The Defendants have violated the requirements of WARN.

82.     WARN requires that employers who violate its provisions by ordering a plant closing or a mass lay-off without providing appropriate notice is "liable to each aggrieved employee for an amount including back pay and benefits for the period of the violation, up to 60 days." 29 U.S.C. section 2104.  This includes the cost of medical expenses incurred during the employment loss which would have been covered if the employment loss had not occurred.  An employer who fails to provide notice to the appropriate local unit of government is also subject to a civil penalty up to and including $500.00 for each day of the violation.

83.     The enforcement of the requirements of the WARN Act is through the United States

district court system and attorneys' fees may be awarded to the prevailing party as a part of its costs.  29 U.S.C. section 2104.

84.     As a direct and proximate result of the Defendants' violation of WARN, the Plaintiffs have sustained injury and are entitled to all of the relief so afforded them by WARN, including 60 business days of back pay, lost benefits, out-of-pocket expenses incurred for benefits, and other compensatory damages, punitive damages, attorneys' fees and all other relief this Court deems proper.

<u>RELIEF</u>

WHEREFORE, these 62 Plaintiffs' demand judgment as follows:

(1)     Trial by jury;

(2)     That the Defendants' conduct was in violation of the WARN Act (29 U.S.C. § 2101, et seq.) and the rules and regulations promulgated pursuant to section 8 of WARN (29 U.S.C. § 2107);

(3)     Awarding Plaintiffs damages sustained by them as a result of the Defendants' conduct in an amount equal to at least the amounts provided in section 5(a) of WARN (29 U.S.C. § 2104(a)), and including additional punitive damages, prejudgment interest, and costs, including expert fees and disbursements and reasonable attorney fees and disbursements, pursuant to section 5(a)(6) or WARN (29 U.S.C. § 2104(a)(6));

(4)     An award of costs and reasonable attorney's fees herein; and

(5)     For any and all further relief to which Plaintiff's may be entitled.

RESPECTFULLY SUBMITTED,

*/s/* CHERYL U. LEWIS
CHERYL U.LEWIS
CHERYL U. LEWIS, PLLC
21152 HWY. 421 SOUTH
P.O. BOX 1927
HYDEN, KENTUCKY 41749
(606) 672-4200 PHONE
(606) 672-4100 FAX
lewislawoffice@tds.net

AND

MCKINNLEY MORGAN
MORGAN, MADDEN,
BRASHEAR, COLLINS & YEAST
921 SOUTH MAIN STREET
LONDON, KY  40741

COUNSEL FOR THE PLAINTIFFS